PHILIP DICKERSON, APPELLEE, V. CHARLOTTE P. DICKERSON, APPELLANT.

[FILED APRIL 10, 1889.]

**Divorce and Alimony.** Under section 22, chapter 25, Compiled Statutes, a district court or supreme court, upon appellate proceedings, (in the same case,) may, after a divorce is granted at the suit of the husband, make a decree for alimony in favor of the wife, out of the property of the husband, even though the decree of divorce be against the wife, for any of the enumerated causes except the adultery of the wife.

APPEAL from the district court of Johnson county. Tried below before CHAPMAN, J.

*Daniel F. Osgood*, for appellant, cited: Bishop on Marriage and Divorce, vol. 2, sec. 378–379; *Sheafe v. Laighton*, 36 N. H. 240; *Sheafe v. Sheafe*, 4 Fost. (Id.) 564; *Reavis v. Reavis*, 1 Scam. 242; *Pence v. Pence*, 6 B. Mon. 496; *McCafferty v. McCafferty*, 8 Blackf. 218; *Gaines v. Gaines*, 9 B. Mon. 295, 303; *Lovett v. Lovett*, 11 Ala. 763; *Hedrick v. Hedrick*, 28 Ind. 291; Reeves on Domestic Relations, p. 329.

*B. F. Perkins*, and *S. P. Davidson*, for appellee, cited: *Shafer v. Shafer*, 10 Neb. 468, 472.

COBB, J.

This cause originated in the district court of Johnson county. On October 1, 1888, plaintiff filed his petition in the district court for said county, in which he alleges that he is, and for more than twenty years has been, a citizen and resident of said county; that he was married to defendant on the 22d day of August, 1861; that he ever after that date, till the commission of the wrongs below mentioned, conducted himself toward the defendant as a faithful, kind,

and indulgent husband; that on the 10th day of April, 1886, defendant, without any just cause or provocation, abandoned and deserted plaintiff; that she then removed to, and has ever since made, her home in the state of Arkansas; that plaintiff has since repeatedly urged the defendant, in the kindest and most affectionate manner, to return to his home in said county, and resume her marital relations with him, but, notwithstanding his repeated and urgent requests to return and live with plaintiff, defendant has continued to refuse and still does refuse to do so, and has deserted plaintiff, for more than two years last past, without any just cause or provocation; that there are no children as the fruit of said marriage; and therefore plaintiff prays for a divorce and that he may recover his costs.

Defendant in her answer—

1. Denies each and every allegation of the petition, except that setting up the marriage and that there are no children.

2. Alleges that on April 10th, 1886, defendant left plaintiff on account of the abuse, insults, and taunts, of plaintiff.

3. Alleges that when the parties were married, plaintiff had no property whatever, and defendant had only a limited supply of household goods; that in the year 1866, plaintiff took as a homestead the west half of the northwest quarter of section thirty-two, and the east half of the northeast quarter of section thirty-one, in town four, range eleven east, in said county, which the parties jointly cultivated, and plaintiff still holds the title thereto free of incumbrance, except $300; and plaintiff also owns personal property of the value of $2,000; and said land is worth $6,000; all of which is the joint accumulation of plaintiff and defendant; and defendant prays that she may be decreed a separate living from plaintiff, and alimony in the sum of $4,000 and costs of suit, and for general relief.

The reply is a general denial.

The cause was tried November 19, 1888, and the court found all the issues in favor of plaintiff, and rendered a decree of divorce as prayed in favor of plaintiff. The cause is brought to this court, by the defendant, by appeal.

The plaintiff also at the same time appealed to this court from an order made by the district court, requiring the plaintiff to pay certain attorneys' fees to the defendant, and certain costs in the case. As to the appeal of the plaintiff, it is deemed sufficient to say that neither the order requiring the plaintiff to pay attorneys' fees, or suit money, nor the affidavit on application on the part of the defendant upon which such order, if any, was made, appears in the record; and as to the judgment requiring the plaintiff to pay costs, the awarding of costs is so much a matter of discretion on the part of the trial court, that except where there is a clear abuse of discretion, which is not shown to exist in this case, an appellate court will rarely, if ever, disturb it.

In the main case brought upon appeal by the defendant, although the evidence is conflicting as to the cause of the separation of the parties, it is sufficient to sustain the finding of the trial court, that the defendant willfully abandoned the plaintiff without just cause, for the term of two years. The only question for our consideration then is that of alimony.

Section 22 of chapter 25 of the Compiled Statutes provides as follows: "Upon every divorce from the bonds of matrimony, for any cause excepting that of adultery committed by the wife, and also upon every divorce from bed and board, from any cause, if the estate and effects restored or awarded to the wife shall be insufficient for the suitable support and maintenance of herself and such children of the marriage as shall be committed to her care and custody, the court may further decree to her such part of the personal estate of the husband, and such alimony out of his

estate, as it shall deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case."

The statutes of the states of New Hampshire, Illinois, Indiana, and Alabama, contain provisions similar in effect to the above. Under that of the first-named state, in the case of *Sheafe v. Sheafe*, 4 Fost. 564, cited by counsel for appellant, the court granted an allowance in the nature of alimony to a wife divorced on the ground of adultery. I quote from the syllabus: "Under section 13, chapter 148, Revised Statutes, this court may, after a divorce is granted upon the libel of the husband, make a decree for alimony in favor of the wife, out of the property of the husband, even though the decree of divorce be against the wife." It should be remarked that the statute of New Hampshire does not, like our own, contain an exception against cases where the divorce is granted for the cause of adultery committed by the wife.

Under the statute of Illinois in the case of *Reavis v. Reavis*, 1 Scam. 242, a divorce was granted in an action against the wife for the cause of desertion. In subsequent proceedings, without disturbing the decree of divorce, a supplemental decree was rendered for alimony in favor of the wife. The court in the syllabus says: "The final judgment of the court should have decreed a yearly allowance commensurate to the support of the wife and child in proportion to the husband's ability and her condition in life."

Under the statute of Indiana, in the case of *Coon v. Coon*, 26 Ind. 189, a decree of divorce was rendered in an action by the husband against the wife, for the cause of abandonment. She was allowed alimony. The court in the opinion says: "Alimony may, under the statute, be allowed to the wife even when the divorce is granted to the husband for her misconduct."

And under the statute of Alabama, in the case of *Lovett*

21

*v. Lovett*, 11 Ala. 763, which was an action against the wife for divorce on the ground of abandonment, a decree of divorce against the wife, but allowing her alimony to the amount of one-third of the personal estate of the husband, and the use of one-third of his land during her life, was approved and affirmed.

In the case at bar, the age of the appellee does not appear from the record. The appellant was, at the time of giving her deposition, which was read on trial, fifty-five years of age. They were married in the year 1861, at which time they were each substantially without means. They soon afterwards took up a homestead on the government land, on the line between Johnson and Pawnee counties, where they made their home together for twenty years, and where together they jointly accumulated all the property of which the appellee is now in possession. When the appellant abandoned the appellee, about three years ago, she took with her property not exceeding a hundred dollars in value, and she doubtless stated the truth in her deposition when she testified that she was then entirely without means to live upon, and was solely dependent upon her son for a living. The amount and value of the appellee's property is not shown as clearly by the record as it should be, nor as it might have been had the appellee answered the questions put to him on his cross-examination in that regard, with more freedom and clearness.

From all the evidence I think it safe to place the value of the appellee's real .estate at four thousand dollars and his personalty at one thousand dollars. There should have been evidence of the annual or rental value of the use of this property, but there is none in the bill of exceptions.

While there is no purpose on the part of this court to question the justness of the decree of the district court in granting the divorce for the cause set out in the petition and proved at the trial, we are all of the opinion that the appellant is entitled to some measure of alimony. Neither

the letter nor spirit of the statute, a due regard to natural equity, nor the good policy of society, will permit of a rule that would deny her this. While the title to the earnings and accumulations of a family is usually vested in the husband, in equity and justice he holds them, in part, in some measure, in trust for the family as such, and when the tie that binds the family is severed by the interposition of the law, even for any fault, save one of the wife, he will not be permitted to retain all, even of a modest competence, while she is put away to the charity of the world.

The decree of the district court will therefore be modified in this court by adding to the decree of divorce, that the appellee pay to the appellant as her reasonable alimony, the sum of fourteen hundred dollars, in manner following : two hundred dollars within one year from the date of the filing of this opinion, and two hundred dollars at the end of each year thereafter, until the entire and full sum of fourteen hundred dollars be paid, the said payments, and each of them, to be without interest.

JUDGMENT ACCORDINGLY.

THE other Judges concur.