## LITTLEJOHN v. COUNTY LINE CREAMERY CO.

1.  Finding of fact on conflicting testimony will not be disturbed unless clearly against the preponderance of the evidence.

2.  Plaintiff delivered to the promoters of the defendant corporation an acre of ground, valued at $12 for a creamery site, and the deed provided that if defendant should discontinue the operation of the creamery at any time during the proper season for conducting the same "the above described premises shall revert to plaintiff, together with all and singular the hereditaments and appurtenances thereunto belonging. There was testimony that none of the promoters knew of the condition in the deed. *Held*, that a finding that the written contract did not express the agreement of the parties was sustained by the evidence, since it was unreasonable that any one would risk the forfeiture of a creamery building for the use of ground worth $12.

3.  Where a deed provided that defendant's creamery should be forfeited to the plaintiff, the owner of the ground on which it was located, in case defendant ceased to operate it during the proper season for operating the same, and defendant set up in its answer that the deed did not express the agreement of the parties, and asked to have it reformed, it was error to cancel the deed, since no such relief was asked, and it was not necessary to protect the defendant's rights.

(Opinion filed April 2, 1901.)

Appeal from circuit court, Lake county, HON. J. W. JONES, Judge.

Action by N. M. Littlejohn against the County Line Creamery Company. From a judgment in favor of the defendant, and from an order denying a new trial, plaintiff appeals. Modified.

The facts are stated in the opinion.

*F. L. Soper*, for appellant.

*Murray & Porter*, for respondent.

HANEY, J.    Before the defendant corporation was organized, negotiations between plaintiff and its promoters resulted in the delivery of a deed to about one acre of ground, of which the plaintiff was the owner and one Royce was in possession under a contract of purchase, and upon which the promoters of the corporation had erected a creamery at a cost of not less than $2,500. The value of the land so conveyed has not at any time exceeded $12.    The interest of Royce therein was transferred to the plaintiff before this action was commenced.    The conveyance to the proposed corporation contains the following language: "The consideration for this conveyance is that the party of the second part shall during the year 1895 erect or cause to be erected upon the above-described premises a building and appliances suitable for a creamery or cheese factory, and continue to operate the same in the business of manufacturing butter or cheese; and should such business be discontinued at any time during the proper season for conducting the same, the above-described premises shall revert to the parties of the first part, or either of them, as their interest may appear, together with all and singular the hereditaments and appurtenances thereunto belonging or in any wise appertaining, and all the estate, right, title, interest claim, or demand whatsoever of the said party of the first part, either in law or equity, either in possession or in expectancy of, in, and to the above-bargained premises and their hereditaments and appurtenances."    This action having been begun to recover possession of the premises, defendant answered by way of counter-claim, alleging that the deed from the plaintiff does not express the contract made by the parties, and demanding that it be reformed to correspond therewith.    To the counter-claim a general denial was interposed, and the issues thus presented were tried without a jury, the court concluding that the deed is null and void, that it is not binding

upon the defendant, and that it should be canceled and discharged of record. Judgment having been entered and an application for a new trial denied, the plaintiff appealed.

The only assignments of error referred to in appellant's brief are that the court erred in making findings of fact numbered 8 and 10, and that it erred in its conclusion of law in holding that the deed ought to be canceled. The findings referred to are as follows: "(8) That said Leonard, or said Royce, or any of the parties for whom said Leonard was acting, did not know at any time that said deed contained the condition hereinafter mentioned, and never presented the same to said defendant corporation, and the same was never presented to it for acceptance, and never was accepted by it, and said corporation or its officers never had any notice or knowledge of its terms prior to the commencement of an action by this plaintiff to recover said premises for conditions broken, on or about September 1, 1897." "(10) That the defendant did not know that the foregoing condition was inserted in said deed, and did not agree that it should be so inserted; nor did said Leonard know that it was so inserted, or agree that it should be so inserted; nor did the defendant, or any one acting in its behalf, agree with the plaintiff upon the terms of any condition to be inserted in said deed respecting a forfeiture of said premises to the grantors; and, if the same is left outstanding, may cause serious injury to the defendant." Unless there is a clear preponderance of the evidence against these findings, they cannot be disturbed. Reagan v. McKibben, 11 S. D. 270, 76 N. W. 943; Randall v. Burk Twp., 4 S. D. 337, 57 N. W. 4. There is positive testimony tending to prove that none of the promoters or officers of the corporation knew of the conditions contained in the deed. It would be unreasonable to suppose that they did. It is not possible that any person

interested in the defendant corporation intended to thus risk the forfeiture of more than $2,500 worth of property for the use of land worth not to exceed $12. The minds of intelligent persons could never have met upon terms so unreasonable and inequitable. Indeed, in view of the circumstances surrounding its execution, it is doubtful if the conveyance, as written, should be construed as giving the grantor anything more than his naked land in the event of a failure to operate the creamery; but, as the instrument was otherwise construed by all parties in the court below, the same construction will be given it in this court. "When, through fraud or mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith, and for value. For the purpose of revising a contract, it must be presumed that all the parties thereto intended to make an equitable and conscientious agreement. In revising a written instrument, the court may inquire what the instrument was intended to mean, and what were intended to be its legal consequences, and is not confined to the inquiry what the language of the instrument was intended to be. A contract may be first revised, and then specifically enforced." Comp. Laws, §§ 4637-4640. The court finds, and the evidence clearly discloses, that the written contract does not truly express the intention of the parties. There was certainly a mistake on the part of those who received the deed. If the mistake was not mutual, it must have been known or suspected by the plaintiff. It is absurd to contend that he understood he would be entitled to all of the defendant's improvements if it discontinued its business at any time during the proper

season for conducting the same, and that it could not remove its property from the land. No sane person could expect any other sane person to consent to such a contract in consideration of the use of one acre of ground, the value of the ground itself not exceeding $12. The conveyance should be so revised as to express the true intention of the parties. It should not be canceled, because that relief is not asked for in the answer, and it is not the relief required to protect the defendant's rights. Such rights should be enforced according to the contract under which the promoters of the defendant corporation in fact took possession of the plaintiff's land. The action is, therefore, remanded, with directions to modify the judgment in accordance with this decision. No costs or disbursements will be allowed, except the clerk's fees, to be taxed in favor of the respondent.