## EMPSON v. RELIANCE GOLD MINING CO.

The findings of the trial court will not be disturbed on appeal, unless the evidence clearly preponderates against them.

In an action for services rendered as mining engineer and assayer under a contract, evidence held to support findings in favor of plaintiff.

(Opinion filed, June 26, 1909.)

Appeal from Circuit Court, Lawrence County. Hon. W. G. Rice, Judge.

Action by John B. Empson against the Reliance Gold Mining Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*R. P. Stewart,* for appellant. *Granville G. Bennett,* for respondent.

CORSON, J. This case is before us on appeal by the defendant from a judgment in favor of the plaintiff, and order denying a new trial. The action was instituted by the plaintiff to recover of the defendant the sum of $2,398 claimed to be due him for services under a contract entered into by the defendant with the plaintiff which is stated in the complaint substantially as follows: That on or about the 2d day of October, 1903, plaintiff entered into a contract and agreement with the defendant, whereby he undertook and agreed to render certain services, and perform work and labor for the defendant in taking charge of defendant's mining ground and property, in superintending and directing prospecting and development work of said ground, and in sampling and assaying ore taken therefrom, in acting as consulting engineer in and about the work and development of said property; that for said services plaintiff agreed to accept the sum of $218 per month, which said defendant corporation stipulated, promised, and agreed to pay plaintiff therefor. The plaintiff further alleges that he entered. upon the employment under the said agreement, and continued constantly to do and perform all and singular the duties devolved on him by the terms and conditions of said agreemnt, until the 2d day of September, 1904, and for which defendant is indebted to plaintiff in the sum of $2,398, with interest thereon from the 2d day of September, 1904. There were also added allegations claiming a miner's lien upon the mining property owned by the defendant, but at the trial this claim for a lien was abandoned. It was proven upon the trial that the contract was entered into on the 2d day of July, instead of the 2d day of October, and the plaintiff was allowed to amend his complaint accordingly, as it was shown upon the trial that the plaintiff had been paid for his three months' services from July 2d to October 2d, and the mistake in the date as

to the time the contract was entered into was not material. The defendant's answer was in effect a general and specific denial of the allegations of the complaint. The case was tried to the court without a jury, and the court found: "(1) That on or about the 2d day of July, 1903, plaintiff entered the employ of said defendant company under a verbal contract, under and by the terms of which he was to receive, and said defendant company was to pay him as compensation the sum of $218 per month. (2) That for the months of July, August, and September, plaintiff was paid by defendant company at the rate stipulated in said contract, to wit: The sum of $218 per month." (3) That with the exception of said payments above stated, plaintiff has received from said defendant company no payments whatever under said contract or otherwise. That plaintiff remained in the employ of said defendant company from said 2d day of July, 1903, until the 2d day of September, 1904, when he quit the same, having served said defendant company for the term or period of 11 months for which he had received no compensation. That during the months of March and April, 1904, the plaintiff performed services with the consent of the defendant company for the Gilt Edge Maid Mining Company, for which he was paid the sum of $218 per month. That the plaintiff did not, by reason of his employment with said Gilt Edge Maid Mining Company, abandon or quit the employ of said defendant, but was at all times during said months of March and April, in readiness to proceed with his work and labor under said contract, which he did on or about the 1st day of May, 1904, and continued in said employ until the 2d day of September, 1904. That plaintiff was never discharged from the services of said company. That during all of said 11 months of service rendered by said plaintiff for defendant, to wit, from October 2, 1903, to September 2, 1904, the said defendant carried plaintiff on its books as an employe of said company and each month credited him with the sum of $218 for one month's service. That neither said company, nor any of its officers or agents, ever at any time disputed plaintiff's right to payment for said 11 months' service, until after this action was brought. That after plaintiff had quit the employ of defendant company, and his account was presented at the office

of the company for payment by plaintiff's attorney and agent, the claim was at no time questioned or disputed by said company or its officers, but payment was not made for the reason stated by the officers of said company that there were no funds with which to pay the same. From these findings the court concludes that the plaintiff was entitled to judgment for 9 months' services (the two months for which he was paid by the Gilt Edge Company being deducted), at the stipulated sum of $218 per month, with interest at the rate of 7 per cent. per annum from September 2, 1904, amounting in all to the sum of $2,293.92.

It is contended by the defendant that it is not shown by the evidence that the contract as alleged by the plaintiff was performed by him, and that the court erred in not finding the facts as proposed by the defendant, which are substantially as follows: That the plaintiff was employed by the defendants to perform the following services for said company (specifying in detail the services), and that during the 11 months between October, 1903, and August, 1904, the period sued for in this action, the plaintiff failed and refused to assay the ore from the mine of the defendant, and he failed and refused to make chemical tests of the same, and he failed and refused to ascertain the process and method of treating the same; that he failed and refused to assist in the sale of stock of the defendant company; that he failed and refused to design and plan the mill of the defendant; that he failed and refused to accompany investors to the mining property of the defendant, and that he failed and refused to check up the mine superintendent, and report the same to the defendant; that the plaintiff failed and refused to perform each and every term and condition of his said contract with the defendant company; that the plaintiff left the employ of the defendant company of his own volition and accord in the month of September, 1904. The defendant, therefore, claimed in effect that the findings of the court are not supported by the evidence.

Presumptively the findings of the court are correct, and unless the evidence clearly preponderates against such findings, they will not be disturbed by this court. Randall v. Burke Twp., 4 S. D. 337, 57 N. W. 4; Feldman v. Trumbower, 7 S. D. 408, 64 N.

W. 189; Reagan v. McKibben, 11 S. D. 270, 76 N. W. 943; Littlejohn v. Creamery Co., 14 S. D. 312, 85 N. W. 588. We are clearly of the opinion in this case that the findings of the court are not only presumptively correct, but are clearly established by the preponderance of the evidence. As will be observed, the making of a contract between the defendant and the plaintiff is substantially conceded by the proposed findings of the defendant, and the payment to the plaintiff for the 3 months between the 2d of July and the 2d of October is practically conceded. The fact that he was carried upon the pay roll of the defendant, and credited monthly with $218 per month, is clearly established by the books of the defendant. It was also shown by two witnesses that nearly a year subsequent to the time the plaintiff left the employ of the defendant, the defendant's officers admitted that the amount claimed by the plaintiff was due him, but, as found by the court, gave as a reason for the nonpayment of his claim that they had not the funds on hand to pay him, and the testimony of the plaintiff as to the making of the contract of the performance of the services required by him under it was clear and explicit.

By the first paragraph of the complaint it is alleged that the defendant was the owner of some 15 or 20 mining claims in Whitewood mining district, Lawrence county, and that by the second paragraph of the complaint, heretofore quoted, the plaintiff was to take charge of defendants' mining ground and properties, superintend and direct the prospecting and development work on the same, sampling and assaying ore therefrom, acting as consulting engineer in and about the work, and the plaintiff's evidence was that he did perform all the work required of him by the defendant in his capacity as assayer and mining engineer, and that with the exception of the 2 months that he performed services for the Gilt Edge Mining Company, which were paid for by that company, he was engaged in performing the services for which he was employed by the defendant, and that during the 2 months he was in the employ of the Gilt Edge Company, he was at all times ready and willing to perform any of the services that might be required of him by the defendant company. Certificates of assay, plans for reduction works, classification of the different ores, and letters of

the president, before and after the plaintiff left the company's em ·
ploy, in effect promising to pay him, were introduced in evidence
on the part of the plaintiff. It is clear, therefore, that the plaintiff
under the evidence introduced by him was entitled to judgment
against the company for the full amount awarded to him by the
court. On the trial the learned circuit court, over the objections
of the plaintiff's counsel, permitted officers of the defendant com-
pany to testify that the plaintiff had not complied with his contract,
and that he had not performed the services required by them under
the contract.

It is contended by the respondent that this evidence was clearly
inadmissible, for the reason that the answer was simply a general
denial, and that no set-off, counterclaim, or facts, stated by way
of a special defense to the action were pleaded. But, assuming that
the evidence of the defendant was admissible under the pleadings,
we are of the opinion that the trial court was clearly justified in
finding that there was a preponderance of the evidence in favor
of the plaintiff, as the claim of the defendant that the plaintiff had
not performed the duties required of him, and therefore was not
entitled to recover against it, was clearly in conflict with the con-
duct and admissions of defendant's officers, prior to the com-
mencement of the action, and was disproved by a clear prepon-
derance of the evidence on the part of the plaintiff. In the view
we take of the testimony, we do not deem it necessary to review
the many points made by defendant's counsel, or determine the
question as to the admissibility of the evidence on the part of the
defendant on the pleadings.

Finding no error in the record, the judgment of the court be-
low and order denying a new trial are affirmed.

WHITING, J., taking no part in the decision.