FARGO, Appellant, v. FARGO, Respondent.

(198 N. W. 355.)

(File No. 4696. Opinion filed April 18, 1924.)

1. **Appeal and Error—Findings of Fact—Trial Court's Findings Not Disturbed Unless Clearly Against the Evidence.**

    The trial court's findings will not be disturbed, unless the evidence clearly preponderates against them.

2. **Divorce—Husband and Wife—Wife Held to Have Received Third of Husband's Property by Decree.**

    A wife, whose husband was granted a divorce for desertion in her action for divorce held to have received one-third of all his property in the court divisions thereof.

3. **Divorce—Husband and Wife—Division of Property May Be Made Though Divorce Was Granted Husband for Wife's Fault.**

    Under Laws 1923, c. 219, Sec. 1, amending Rev. Code 1919, Sec. 165, a division of property between husband and wife may be made in the latter's divorce suit, though the divorce was granted the husband for the wife's fault.

Appeal from Circuit Court, Lawrence County; HON. JAMES McNENNY, Judge.

Action for divorce by Clara Fargo against Joel W. Fargo. From a decree granting defendant a divorce, plaintiff appeals. Affirmed.

*Hayes & Heffron,* of Deadwood, for Appellant.
*E. W. Martin,* of Hot Springs, for Respondent.

(1) To point one of the opinion, Respondent cited: Dodson v. Crocker, 16 S. D. 481; Breeden v. Martens, 21 S. D. 357; Empson v. Reliance Gold Mining Co., 22 S. D. 412; Mason v. Fire Association, 23 S. D. 431; Hannahs v. Provine, 28 S. D. 200; Parson v. Hanson, 39 S. D. 329; Johnson v. Shaver, 41 S. D. 585.

(3) To point three of the opinion, Respondent cited: 19 C. J. Sec. 586; Waring v. Waring, 100 N. Y. 570; Williams v. Wil-

liams, 6 S. D. 284; Tuttle v. Tuttle, 26 S. D. 545; Drake v. Drake, 27 S. D. 329; Warne v. Warne, 36 S. D. 573; Rev. Code 1919, Sec. 165; Glynn v. Glynn, 77 N. W. 594; Lampson v. Lampson, 171 Cal. 332, 153 Pac. 338.

SHERWOOD, P. J.   Plaintiff brings this action for divorce, alleging cruelty, desertion and willful neglect.   Defendant denies each of these charges and for a counterclaim alleges desertion on the part of plaintiff, and that certain valuable real estate, belonging to defendant, has, from time to time, been placed in plaintiff's name as a matter of convenience and not for donation, gift, or other provision for plaintiff, and asks judgment reconveying such property to him.

The counterclaim is denied, and plaintiff alleges that all such real estate was transferred to her absolutely if she would pay the incumbrances thereon, and further that such transfer to her was made by defendant to hinder, delay, and defraud his creditors.

Findings were made by the trial court on each of these issues in favor of the defendant and against the plaintiff.   Defendant was granted a divorce on the grounds of desertion and a decree returning the largest part of his real estate standing in her name, and plaintiff appeals.

The only child of this marriage was a daughter 20 years old at the time of the trial.   She was caring for herself and assisting the plaintiff in the store.   No rights of children are therefore involved in this case.

[1]   It is first contended by appellant that the divorce should have been granted to her and not to defendant.   We have carefully examined the record, which is quite voluminous, and we find there is abundant evidence to sustain each of the findings of the trial court.   It is well settled that: "The findings of the trial court will not be disturbed on appeal unless the evidence clearly preponderates against them."   Dodson v. Crocker, 16 S. D. 481, 94 N. W. 391; Breeden v. Martens, 21 S. D. 357, 363, 112 N. W. 960; Empson v. Reliance Gold Mining Co., 23 S. D. 412, 122 N. W. 346; Mason v. Fire Assn., 23 S. D. 431, 122 N. W. 423; Hannahs v. Provine, 28 S. D. 200, 133 N. W. 53; Parson v. Hanson, 39 S. D. 329, 164 N. W. 66.

[2]   Appellant's second contention is that the division of the

property by which the court permitted her to retain title to a building and lot in Yankton worth $10,000, which was owned by her husband when he married her, and the store building fixtures and stock in Deadwood, which she operated, valued by witnesses at from $6,000 to $10,000, and $1,500 in money, which the decree directed him to pay her, is not her fair share of the property under the law and former decision of this court.

We think the record shows that the property which the decree allowed to plaintiff was fairly worth, above all indebtedness she owed, at least $17,000.

Plaintiff in her reply brief sums up the value of their joint property and the amount awarded to her as follows:

"There is little difference as to the value of the property of this family. The three Yankton lots are worth $35,000; the Hot Springs 640 acres, $6,000; the Lincoln county, Neb., 480 acres, $4,800; the home in Deadwood, $1,000; the City Creek lot, $400 —a total of $47,200. From these values should be deducted $2,500 of incumbrance on lots C and D, Yankton, and $2,200 incumbrance on the Hot Springs farm, leaving a net value of $42,500. Mrs. Fargo's stock of goods is valued at $4,000. She is indebted thereon about $2,300, net value $1,700; adding to the $42,500 makes $44,200.

"The decree awards Mrs. Fargo lot B, Yankton, valued at $10,000; $1,500 in cash, and permits her to retain her stock of goods—$1,700 net, a total of $13,200. This is less than one-third of the joint holdings."

It will be observed that plaintiff has not included in the property she received under the decree the store building appraised by a witness at $2,500, nor the store fixtures appraised at $1,500, and she has also put in her stock at the lowest appraisement made by any witness, namely, $4,000, while another witness appraised it at $6,000. If these amounts are added to the $13,200 (she admits receiving) her award will exceed $19,000, and will be nearer one-half than one-third of the property. It will be further observed that in the property set over to her was a going business which she testifies has probably paid her $1,000 a year. It further appears that the building and lot in Yankton set over to her is renting for at least $60 per month.

Plaintiff had no property when she married defendant. Her

present art store, which she retains, had its inception and grew up in a corner of defendant's store, and, when he sold out his business, she received quite a valuable part of his store fixtures, moved her business to another part of the city, and has built up and is operating a prosperous business.

Where there were no children and the wife had no property at the time of her marriage, but was afterward granted a divorce for the fault of the husband, this court gave her one-third of the property. Tuttle v. Tuttle, 26 S. D. 545, 128 N. W. 695.

We think the plaintiff has received one-third of all the property, and her claim for more, under the facts in this case, is without merit.

[3] As section 165, R. C. 1919, has been amended by chapter 219 of the Laws of 1923, and under that amendment, a division of the property between husband and wife may now be made, even though the divorce was granted for her fault, no further consideration will be given to the assignment of error based on that section of the statute.

We have carefully considered all the other assignments of error, and, finding no reversible error in the record, the judgment and order appealed from are affirmed.

POLLEY, J., not sitting.

Note.—Reported in 198 N. W. 355. See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 1012(1), 4 C. J. Sec. 2857; (2) Divorce, Key-No. 252, 19 C. J. Sec. 776; (3) Divorce, Key-No. 252, 19 C. J. Sec. 772.

On the question of attack on decree of divorce with respect to division of property, see note in L. R. A. 1917B, 494.