JOHNSON, Appellant, v. JOHNSON, Respondent

(23 N. W.2d 451.)

(File No. 8798.   Opinion filed June 19, 1946.)

**James Clapp,** of Rapid City, for Appellant.
**Chas. L. Brady,** of Belle Fourche, for Respondent.

RUDOLPH, P.J.   Plaintiff was thrice married and twice divorced before she was married to the defendant on November 25, 1936.   At the time of her marriage to defendant, plaintiff was approximately 56 years of age and defendant was approximately 53 years of age.   Defendant was a farmer or rancher living in Harding County and owned the ranch which was encumbered with a mortgage of $3,500 together with machinery and equipment and some livestock.   There was also a mortgage on the livestock, so at the best defendant was in rather modest circumstances.   Plaintiff went to defendant's ranch apparently as a housekeeper and after

being there about six weeks the two were married. They lived together until January 1, 1939 or approximately two years and two months at which time plaintiff left defend ant's home and never returned. This action for divorce commenced in July, 1943. The trial court awarded defendant a divorce based on the allegations of desertion contained in a counterclaim and plaintiff appeals. The portion of the decree awarding the divorce is not appealed from. It is only the question of division of the property as made by the circuit court that appellant questions upon this appeal. At the time appellant went to the ranch she took with her a few items of personal property which remained at defendant's home when appellant departed. The trial court awarded to appellant only the property which she took with her at the time she entered defendant's home and awarded her nothing from defendant's property, all of which he owned at the time of the marriage. Appellant contends that under the provisions of SDC 14.0726 the trial court should have made some award to her other than simply returning to her the property which she owned at the time of her marriage. This section of our code, so far as here material, provides: "Where a divorce is granted for an offense of either husband or wife, the courts shall in such action have full power to make an equitable division of the property belonging to either or both, whether title to such property is in the name of the husband or the wife. In making such division of the property the court shall have regard for equity and the circumstances of the parties."

Under this provision of our code the trial court is vested with a discretion. Construing this statute the court said in the case of Caldwell v. Caldwell, 58 S. D. 472,, 237 N. W. 568, 569: "This statute is comprehensive in its terms. It does not prescribe the proportion to be allotted to each of the parties, but provides that there shall be an 'equitable division. ' What may constitute such a division is necessarily dependent upon the facts, circumstances, and conditions in each particular action, and no fixed rule for an 'equitable division' can be stated. Among the matters to be considered in making a division of property under this statute is the value of the estate; the manner in which the property

was acquired; the ages of the parties, their health and competency to earn; and the cause for which the divorce was granted."

This statement and similar statements in other opinions were made in cases where the divorce was granted for the fault of the husband. The Nebraska court construing a similar statute permitting an award to the wife where the divorce is granted for her fault, said in the case of Wilkins v. Wilkins, 84 Neb. 206, 120 N. W 907, 908, 133 Am. St. Rep. 618: "While under the statute alimony may be awarded to a wife against whom divorce is decreed (Dickerson v. Dickerson, 26 Neb. 318, 42 N. W. 9), this is done upon the theory that the wife directly or indirectly assists in the accumulation of the property acquired during the existence of the marriage relation, and that, when the tie that binds the family is severed by the interposition of law, she should receive a just proportion of what she has helped to earn. The mere naked legal liability of a husband to support his wife should not, however, be enforced after her desertion of him."

██ However, accepting the view that it is within the power of the court in this state to make an award from the husband's property to a wife after granting a divorce for her fault (Fargo v. Fargo, 47 S. D. 289, 198 N. W. 355), nevertheless, such power is discretionary and unless there is an abuse of discretion the action of the trial court will not be disturbed. We are convinced that the action of the trial court in denying plaintiff any permanent alimony should not be disturbed when viewed in the light of the multiple marriages and divorces of plaintiff, the short duration of this marriage before plaintiff's desertion of her husband, the age of the parties when married and the fact that plaintiff neither directly nor indirectly assisted in the accumulation of defendant's property. Appellant apparently contends that because she has no property or means of support other than her labor it was incumbent upon the trial court to award her something from defendant's property for her support, regardless of all other facts and circumstances in the case. Appellant has been in no way injured because of the marriage. She lost nothing; she is neither better nor worse off

than before the marriage. Under these circumstances the single fact that she is left without property should not, in our opinion, outweigh the above-mentioned facts which so persuasively support the action of the trial court.

Appellant relies upon the case of Fargo v. Fargo, supra. In this cited case the parties had been married more than twenty years, each had conducted a business and the parties had jointly accumulated the major portion of the property involved. There is no similarity in the facts to those here presented.

The judgment appealed from is affirmed.

ROBERTS, SMITH and SICKEL, JJ., concur.
POLLEY, J., not sitting.