PARKER, Appellant, v. PARKER, Respondent

(36 N. W.2d 847.)

(File No. 9002.   Opinion filed April 11, 1949.)

**Roy A. Nord,** of Madison, for Appellant.

**J. H. Lammers,** of Madison, for Respondent.

PER CURIAM.   Plaintiff, the wife, obtained a decree of divorce from defendant.   The decree also adjusts the rights of the parties in and to certain property and makes a division of the property.   It is from this portion of the decree that plaintiff appeals.

■   SDC 14.0726 provides:

"Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life or for a shorter period, as the court may deem just, having regard to the circumstances of the parties repre-

sented, and the court may from time to time modify its orders in these respects. ,

"Where a divorce is granted for an offense of either husband or wife, the court shall in such action have full power to make an equitable division of the property belonging to either or both, whether the title to such property is in the name of the husband or the wife. In making such division of the property the court shall have regard for equity and the circumstances of the parties."

Under this section of our law the trial court is vested with a discretion in adjusting the property rights between the parties. Johnson v. Johnson, 71 S. D. 451, 23 N. W.2d 451; Caldwell v. Caldwell, 58 S. D. 472, 237 N. W. 568.

We have concluded that nothing would be gained in detailing the facts. Each case must depend upon the facts, circumstances and conditions shown by the record. After carefully considering this entire record we are unable to hold that the trial court abused the discretion with which it is vested in making the division of the property between the parties.

The judgment appealed from is affirmed.