LEONARD, Appellant, v. LEONARD, et al, Respondents

(281 N. W. 90.)

(File No. 8146. Opinion filed August 10, 1938.)

*E. B. Harkin,* of Aberdeen, for Appellant.

*Sterling, Clark & Grigsby,* of Redfield, for Respondents.

RUDOLPH, J.  The plaintiff alleging certain acts of cruelty by her husband commenced this action for separate maintenance. The defendant counterclaimed for a divorce and alleged cruelty as the basis for the counterclaim.  Plaintiff's reply simply denied the alleged cruelty as set up by the defendant.  Findings of fact were in favor of the defendant and the court awarded the defendant a divorce.  Plaintiff has appealed.

The undisputed facts disclose that the plaintiff and defendant were married on February 2, 1930.  At the time of the marriage plaintiff was thirty-five years old, and the defendant seventy-seven years old.  The defendant was a man of some means owning at the time of his marriage a large farm in Spink County and personal property in the form of securities to an extent of twenty thousand dollars.  The day following the marriage the defendant transferred to the plaintiff ten thousand dollars' worth of the securities he then owned, which became the separate property of the plaintiff and which she still owned (somewhat changed in form) at the time she left the defendant.  It further appears that prior to the marriage plaintiff was working as a domestic and had accumulated a quarter secton of land in the vicinity of the farm owned by defendant which she still owns and maintains.  Following the marriage the parties lived together without serious trouble until the defendant suffered what is described in the evidence as a "stroke" in the late summer or fall of 1933.  Following this stroke defendant was confined in bed and constituted quite a care until sometime in the early part of 1934 when he was able to be around first by the use of a wheel chair, and later with crutches.  It appears that following the stroke and until the time in 1937 when plaintiff left defendant, serious trouble ensued which culminated in this proceeding.  We do not believe a statement of the evidence would serve any useful purpose.  The trial court found facts upon which he based his judgment and awarded defendant a decree of divorce.

While appellant contends that the evidence is insufficient to support the finding of cruelty on behalf of the plaintiff, she further contends in this court that, even conceding that the evidence

is sufficient to support a finding of cruelty against her, that, never-theless, the evidence is such that the court should also have found that the defendant was cruel to her, and therefore denied to either party the relief they were seeking. The evidence, in our opinion, is amply sufficient to support the findings. Our only inquiry there-fore is, should we under this record sustain appellant's further contention that the court should also have found cruelty on behalf of the defendant, and denied both parties relief. Appellant in sup-port of her second contention relies principally upon the North Dakota case of Hoellinger v. Hoellinger, 38 N. D. 636, 166 N. W. 519. However, as so ably pointed out in that case, the trial in the North Dakota Supreme Court was a trial de novo. It is clear that under our practice, should this court be confronted with the same record as confronted the North Dakota court in the Hoellinger Case, we could not review the entire record as was done in that case. Neither party there had appealed from that portion of the judgment granting a divorce. The appeal related only to the dis-position of the property of the parties, yet the North Dakota court under its practice was privileged to and did review the entire record. Although neither party had appealed from the decree of divorce, or had in any manner assigned the granting of the divorce as error, yet the court did and could review the entire record and deny to the parties the divorce which had been granted and about which neither complained and from which there was no appeal. Under the South Dakota practice this court cannot try the present case de novo.

As stated above, appellants contention is that the trial court having found from the evidence that the plaintiff was cruel to the defendant, should also have found under the evidence, that the defendant was cruel to the plaintiff and denied either party any relief. Appellant in this court cites and relies upon two sections of our code. Section 144, which provides that a divorce must be denied upon a showing of recrimination; and Section 150, which defines recrimination as a "showing by the defendant of any cause of divorce against the plaintiff, in bar of the plaintiff's cause of divorce." In presenting this contention in this court, it appears to us, after a careful examination of the record, that appellant has abandoned the theory upon which she tried and presented her case in the court below. Plaintiff presented her case to the lower

court on the theory that under the evidence she was entitled to a decree of separate maintenance. Adhering to this theory she contended that the evidence disclosed acts of cruelty by the defendant, and that there was a failure of any evidence to show any acts of cruelty on her behalf toward the defendant. This theory adopted by plaintiff is clearly disclosed by the findings of fact and conclusions of law plaintiff proposed to the court below. These findings, omitting certain findings relating to the marriage and admitted facts, are as follows:

"That the defendant has for a period of more than three years treated the plaintiff in a cruel and inhuman manner by beating and striking said plaintiff and has repeatedly in the presence of his children and neighbors and strangers called her vile and obscene names. That his actions were so vicious as to force the plaintiff to leave his home. That the plaintiff cannot with safety remain as a member of the defendant's home.

"That the defendant by repeated abuse aroused the plaintiff to attempt to retaliate against him by use of slight force and by repetition of some of the names she had been called. That such actions on part of the plaintiff were provoked by the defendant and that for such acts there was ample provocation in the conduct of the defendant.

"The Court finds that there was no prenuptial settlement between the parties.

"Conclusions of Law.

"The plaintiff is entitled to a decree for separate maintenance in a sum to be fixed in the decree of Court."

Clearly these findings as proposed to the court below did not in any manner present to the trial court appellant's present theory of recrimination; nor were there any alternative findings proposed by appellant upon which the trial court could have acted so as to conform to appellant's present theory of recrimination. Appellant in the trial court was asking for all or nothing, and made her record in that court accordingly. We do not find that the theory of recrimination was anywhere relied upon or presented to the lower court, and it has long been established that the theory upon which the case was tried in the court below, must be adhered to on appeal. Aultman & Taylor Co. v. Gunderson, 6 S. D. 226, 60

N. W. 859, 55 Am. St. Rep. 837; Parrish v. Mahany, 12 S. D. 278, 81 N. W. 295, 76 Am. St. Rep. 604.

Appellant argues that the decree of the lower court was based upon a theory of "comparative rectitude or turpitude" as between the parties. However, a consideration of the findings does not support this contention. The findings are clearly based upon the theory that the evidence establishes cruelty by the plaintiff toward the defendant. The only assignment of error which questions these findings as to cruelty is assignment of error No. 4. Appellant in this assignment adheres to her original theory and complains of findings of the court only on the grounds, "That the testimony was that the defendant treated the plaintiff in a cruel and inhuman manner, calling her vile names and striking and beating her and attempting to injure her with various weapons and that such retaliations as was shown to have been made by the plaintiff were directly caused by the actions of the defendant." Certainly this assignment does not raise the question of recrimination because therein it is contended that the evidence shows cruelty on behalf of the defendant and fails to show cruelty on behalf of the plaintiff. Any such contention as is raised by this assignment is opposed entirely to the theory of recrimination, which theory presupposes, so far as the facts here are concerned, cruelty by both parties. It is our opinion that the record as made in the court below and also the record as made on this appeal is not sufficient upon which this court might, simply acting as an appellate court, consider appellant's present contention of recrimination.

In support of her contention that the trial court adopted a theory of comparative rectitude as between the parties in making and entering its decree, appellant has incorporated in her brief a short memorandum addressed to counsel in the case upon the denial of the motion for a new trial. This memorandum is brief and its meaning is not entirely clear. However, it constitutes no part of the settled record upon this appeal, and is nothing upon which this court might base its decision. Morrow v. Letcher, 10 S. D. 33, 71 N. W. 139; Norman v. Miller, 40 S. D. 399, 167 N. W. 391; Western Bldg. Co. v. J. C. Penney Co., 60 S. D. 630, 245 N. W. 909. In this last cited case this court said (page 911): "Any expression of opinion or views by the trial judge extraneous to his decision in the manner and form contemplated by law is

of no binding force or effect as a matter of law either upon the trial judge himself or any one else. * * * But such expression of opinion constitutes no proper part of the record on appeal, whether announced in the form of an oral statement in open court transcribed by the reporter or in the form of a memorandum or letter addressed to counsel." The only decision of the court pertinent to this appeal is the decision in writing, which the court made and filed with the clerk, wherein the facts found and the conclusions reached are separately stated. Sections 2525, 2526, R. C. 1919; Western Bldg. Co. v. J. C. Penney Co., supra. Certainly this decision is not based upon the theory of comparative rectitude. It finds clearly and specifically that the plaintiff was cruel to the defendant and stops there. Should we in this case accept appellant's statement based upon this short memorandum of the trial court that the trial court based its decision upon a theory of comparative rectitude, we would be virtually ignoring the decision of the court as actually made and as shown by the settled record, and resting our decision upon something extraneous to the record and which under our decisions has no proper place in this appeal. Nowhere in the record do we find that appellant's present theory of recrimination was presented to the trial court as the basis for its decision. No such suggestion is made either in the specifications of error presented to the trial court, or in the assignments of error upon appeal. It might be that under our statutes the trial court could of its own motion, if convinced that there were cruelty on both sides, make findings and enter a decree accordingly. However, the trial court in this case made its findings in favor of defendant which are, in our opinion, supported by the evidence, and the only objection thereto under the record as made is that the court erred in making such findings because the evidence shows that the defendant was cruel to the plaintiff, and that the plaintiff was not cruel to the defendant. Such record in our opinion fails to present appellant's present theory of recrimination.

■■ The evidence concerning the transfer by the defendant to the plaintiff of ten thousand dollars' worth of securities the day following the marriage was clearly competent under the provisions of Section 165, R. C. 1919. The court was justified, in view of this payment and the circumstances of the parties as disclosed by

this record, in not awarding any further money or property to the plaintiff.

■ Prior to the submission of this case upon its merits, there was submitted to this court an application by the appellant for an award to the appellant pending the appeal, and also for suit money and attorney fees necessarily incurred in the appeal to this court. Under the provisions of Section 163, R. C. 1919, any allowance to the appellant under this application is discretionary with the court. At the time the application was made the appellant had perfected her appeal, received the transcript of the evidence, and filed with the clerk of this court her brief upon appeal. In other words she through her own means had, at the time of the application, submitted her appeal in this court. There was therefore no duty devolving upon this court relative to making it possible for appellant to present her contentions upon appeal. See Murphy v. Murphy, 56 S. D. 355, 228 N. W. 464. In view of the showing made and in view of our decision herein sustaining the judgment as entered by the trial court, and after reviewing the entire record, we are convinced that the application of appellant should be denied. An order will be entered accordingly.

While the appeal in this case was pending, the defendant died. It was thereafter by stipulation of counsel agreed that the executors of the last will and testament of the said Charles F. Leonard, deceased, be substituted as parties defendant in the place of the defendant Charles F. Leonard.

The judgment and order appealed from are affirmed.

All the Judges concur.