PETERSON, Respondent, v. PETERSON, Appellant

(24 N. W.2d 35.)

(File Nos. 8835, 8852.  Opinion filed August 15, 1946.)

See, also, 17 N. W.2d 920.

**T. R. Johnson,** of Sioux Falls, for Respondent.
**Henry C. Mundt,** of Sioux Falls, for Appellant.

PUCKETT, Circuit Judge.   This action was instituted by the plaintiff, Wiebe C. Peterson, against her husband, Merle R. Peterson, for an absolute divorce, alleging cruelty. She also asked for a division of property.   The defendant answered denying the claims of his wife, and filed a cross-complaint in which he alleged cruelty.   He also asked for a divorce and that all of the property be awarded to him. The action was started in May, 1944, and was tried in April, 1945.   At the conclusion of the trial the court awarded a divorce to the plaintiff and out of property in the husband's name, set aside to her residence property valued at $4,750; household furniture and fixtures valued at $1,800; cash $2,250, or a total of $8,800.   The defendant estimated he was worth $22,622.50 at the time of the trial but the court found his property to be worth at least $25,000.   The property consisted principally of real estate, bonds and cash. The plaintiff had approximately $1,000 in cash and war bonds.

The case was bitterly contested, there being a sharp conflict in the testimony relative to the alleged misconduct of both parties.   The record is voluminous, consisting of several thousand pages of transcript and settled record.   Out of the mass of chaff the following facts may be gleaned.   The parties were married December 6, 1926.   At the time of their marriage the defendant was 25 years old and the plaintiff was 21 years old.   They lived in Sioux Falls all of their married life.   The couple was childless.   Mr. Peterson has been employed by Farley Loetscher Co. since he was 16 years old; at the time of the trial his earnings as such em-

ployee amounted to in excess of $2,500 annually. The plaintiff spent most of her life as a housewife, occassionally working as a saleslady during rush seasons in stores. At the time of the trial she was employed at the airbase in Sioux Falls at a salary of $146 per month, gross; after deduction for retirement fund, war bonds, income tax, etc., the net amount was $102 per month.

At the trial testimony introduced on behalf of the plaintiff was that immediately before the commencement of the action defendant had slapped plaintiff in the mouth, bruising and cutting her lip; that on another occasion he had twisted her wrist in an effort to obtain a letter plaintiff had from a relative; that on a number of occasions defendant had told plaintiff she was not a desirable wife and could leave whenever she wished; that he had told her she looked like a Chester White hog and was too fat and undesirable; that she was just sticking around for a meal ticket; that he objected to plaintiff's mother and was disagreeable in the home and embarrassed and injured plaintiff's feelings. All of these things were denied by defendant. He claimed the fault was all in the plaintiff and that she had numerous clandestine love affairs with other men.

Out of this mass of conflicting evidence the trial court was faced with the unpleasant duty of determining who was telling the truth and who was not. The court found as a fact that the plaintiff had proved facts sufficient to constitute extreme cruelty on the part of the husband and that her conduct at no time was such as to give defendant grounds for divorce.

■■ Defendant assigns as error the trial court's findings of fact and conclusions of law in favor of plaintiff and insists that the court erred in not adopting defendant's proposed findings and conclusions in his favor. In order to sustain defendant's position it would be necessary for this court to hold that the plaintiff and her corroborating witnesses were not telling the truth and that the defendant and his witnesses were truthful. We have examined the voluminous record and find there is an abundance of testimony, if believed, to sustain the findings of the trial court. This

court has consistently held in numerous cases that: "Where there is a conflict of evidence, and no clear preponderance of evidence against the findings of the trial court, its findings will not be disturbed by this court." Housman v. Housman, 55 S. D. 548, 226 N. W.. 755, 756; Habeck v. Habeck, 51 S. D. 455, 214 N. W. 846; Fargo v. Fargo, 47 S. D. 289, 198 N. W. 355, and case cited therein. The logic and soundness of such holding is for the obvious reason that the trial court had the parties and witnesses before him and could observe their demeanor while testifying and was in better position to weigh the evidence than is this court with only the printed record.

While it is true that plaintiff was indiscreet in some of her actions a careful analysis of defendant's testimony shows that the allegations of his cross-complaint were based upon suspicion. In any event the claimed misconduct of his wife was condoned by the defendant.

Appellant further contends that the trial court erred in the division of the property and that such division was unjust and inequitable. It is significant that the defendant also sought a divorce and in his prayer for relief asked the court to give his wife no property at all. Although the decree of divorce is granted to the wife the appellant is freed from the bonds of matrimony just the same as if the judgment had awarded him the decree. Hence it is apparent that his only real objection to the result is that he must share his property with his wife instead of turning her into the world practically penniless. The observation of this court in Habeck v. Habeck, supra [51 S. D. 455, 214 N. W. 847], is pertinent here: "The appeal in this case is somewhat peculiar, in that appellant in his cross-complaint asks that a decree of divorce be granted and that he be given the custody of the two boys. The decree actually entered is exactly what he prayed for, except that the decree was granted on the grounds alleged by the plaintiff instead of those alleged by the defendant, and except, also, that substantial alimony was granted to the plaintiff. * * *."

Our statute, SDC 14,0726 provides: "* * * where a divorce is granted for an offense of either husband or wife, the

courts shall in such action have full power to make an equitable division of the property belonging to either or both, whether the title to such property is in the name of the husband or the wife. In making such division of the property the court shall have regard for equity and the circumstances of the parties."

■ The statute has been before the court for construction many times. An analysis of the decisions reveals that where a divorce is granted to a wife for an offense of the husband, and the wife is given a property settlement instead of monthly or annual payments of alimony, and the parties have been married for many years, the wife is given from one-third to one-half of the property, each case being determined by the particular circumstances.

■ Appellant claims that he had accumulated $11,000 in property before his marriage in 1926 and that respondent should not be permitted to share in this now. In this appellant is entirely in error. When the divorce is granted because of the offense of the husband, the court is not obliged to consider when the property was accumulated. Tuttle v. Tuttle, 26 S. D. 545, 128 N. W. 695.

■ In determining a just and equitable division of the property the court should consider the value of the property of each; the earning capacity of each; their ages; their respective positions in society; the health of each; the custody of the children, if any; the faults and circumstances leading up to the divorce. Tuttle v. Tuttle, supra; Warne v. Warne, 36 S. D. 573, 156 N. W. 60; Hurle v. Hurle, 42 S. D. 558, 176 N. W. 510; Fargo v. Fargo, 47 S. D. 289, 198 N. W. 355; Peterson, v. Peterson, 56 S. D. 399, 228 N. W. 804; Brown v. Brown, 52 S. D. 58, 216 N. W. 587; Meile v. Meile, 70 S. D. 115, 15 N. W.2d 453.

■ In this case appellant and respondent had been married 18 years at the time of the trial. Without doubt Mr. Peterson is a good businessman. His income from salary alone has been in excess of $2,500 annually. He was 44 years old and in good health. Mrs. Peterson was 40 years old, in fair health, with an earning capacity approximately half that of her husband. The total property of both parties

was in excess of $26,000, a great part of which had been saved and accumulated during their married life. Among all the faults which the husband claimed his wife possessed he did not charge her with extravagance, and she evidently must have been saving or he could not have accumulated the property they possess. The court awarded the wife 37.5% of the total property owned by both. We hold this to be an equitable and just division and that the trial court did not abuse its discretion in making the division.

The other 22 assignments of error relate to the admission or rejection of evidence. We find no reversible error in the court's rulings. No useful purpose would be served by an extended review or discussion thereof.

The judgment of the circuit court is affirmed.

All the Judges concur.

PUCKETT, Circuit Judge, sitting for POLLEY, J.