SCHROEDER, Appellant, v. SCHROEDER, Respondent

(53 N. W.2d 293)

(File No. 9241. Opinion filed May 5, 1952)

T. R. Johnson, Sioux Falls, for Plaintiff and Appellant.
Law & Law, Clear Lake, for Defendant and Respondent.

ROBERTS, J. The parties to this action were married in February, 1943, and lived together until June, 1950, when their marital difficulties culminated in the wife bringing this action for divorce and adjustment of their property rights. Defendant denied the charge of extreme cruelty and resisting claim to a division of his property alleged that plaintiff had been extravagant during their married life, frequently absented herself from home, and did not assist defendant in accumulation of any property. It appears that after all the evidence was received the trial court indicated that a judgment of divorce would be entered in favor of the plaintiff and gave reasons for the conclusion that plaintiff should receive in the division the sum of $200. Findings of fact were waived by counsel then representing the parties. The court entered judgment accordingly and no motion for

new trial was made. Plaintiff appealed from the judgment contending that, inasmuch as the granting of the divorce to her showed that defendant was at fault, she was entitled to a larger proportion of the property.

The errors assigned are to the effect that the court erred in entering judgment without granting plaintiff an equitable and just division of property. Evidence regarded by her as undisputed is set forth in support of the alleged error.

The situation here presented is much like that considered in Johnson v. Johnson, 71 S. D. 255, 23 N.W.2d 451. At the time of the trial plaintiff was 39 and defendant 42 years of age. Plaintiff had been married twice and defendant once before. The two daughters of the plaintiff by the previous marriages were taken into defendant's home and lived there as members of his family. The evidence shows that when the parties married defendant had purchased the 80 acre farm that he now owns and on which there is a $1900 mortgage. The value of his personal property at the time of trial consisting of a Plymouth sedan, farm machinery and equipment and livestock did not appreciably exceed his other debts. The additional worth of defendant, if any, comes from the increased value of farm lands and not from the joint accumulations of the parties.

██ Plaintiff takes the position that since the divorce was granted for the fault of the defendant the court is required to award her a larger proportion of the property. The circumstance of fault is a proper matter to be considered in making an equitable division. Caldwell v. Caldwell, 58 S. D. 472, 237 N.W. 568; Baron v. Baron, 71 S. D. 641, 28 N.W.2d 836. The record does not indicate that plaintiff was free from fault or that mistreatment such as there was of her by defendant was unprovoked. Defendant did not plead an affirmative cause by way of a cross-complaint, but so far as the evidence is concerned the court may well have granted a divorce to either or denied relief. The case of Tuttle v. Tuttle, 26 S. D. 545, 128 N.W. 695, and the cases which have followed it, are distinguishable from the present case and are not here controlling. This is not the usual situation where property of the husband was accumulated by the joint labors of the parties during their married life. In view of

the facts and circumstances presented, we discover no abuse of discretion on the part of the court.

Whether a party having waived findings of fact is entitled to a review of the evidence, it is not necessary to decide. See Chambers v. Wilson, 67 S. D. 495, 294 N.W. 180. If that question had been raised and answered in the negative, the result would be the same.

■ The trial court disallowed additional counsel fees and court costs on appeal. Plaintiff then submitted to this court an application for such an allowance. We think that the application falls within the rule stated in Leonard v. Leonard, 66 S. D. 202, 281 N.W. 90. We are not convinced that there was a showing of necessity for the allowance.

The judgment appealed from is affirmed.

SICKEL, P. J., and SMITH and LEEDOM, JJ., concur.
RUDOLPH, J., concurs in result.