MEYER, Appellant v. MEYER, Cross-Appellant
(77 N.W.2d 559)

(Files Nos. 9554, 9566. Opinion filed June 14, 1956)

Rehearings denied August 17, 1956

**Lacey & Parliman,** Sioux Falls, **B. H. Schaphorst,** Brookings, for Appellant.

**Tait & Tait,** Milbank, for Cross-appellant.

RENTTO, J.   The judgment entered in this action on June 14, 1955 granted plaintiff, the wife, a divorce because of the husband's extreme cruelty and gave her custody of their youngest son who was their only minor child, with provision for his support.   It also provided for a property division and an allowance to the wife for attorneys' fees and other expenses of ligitation.   She appeals from only that part of the judgment which relates to the property division and allowance of attorneys' fees, contending that under the facts and circumstances disclosed she is entitled to a more generous award of property and attorneys' fees.   She asserts that the property acquired during the marriage should have been divided equally.   After judgment was entered the defendant husband moved for a new trial which was denied. He appeals from the order denying his motion.

■     The plaintiff has moved to dismiss defendant's appeal on the ground that an appeal may not be taken from an order denying a new trial.   This motion must be sustained.   The enactment of SDC 33.0701 in the code revision of 1939 removed an order denying a new trial from the category of appealable orders.   Wilge v. Cropp, 74 S.D. 511, 54 N.W.2d 568.   Accordingly defendant's appeal is dismissed.

In the property division plaintiff was awarded the family home and the household goods and furnishings therein.   She was also awarded several other city properties and a number of farms.   The judgment provided that she was to receive all 1955 rents on these farm properties and all rents on these city properties accruing after the date of the judgment, and the defendant was ordered to pay her any of such rents that he had collected. He was also required to pay all of the taxes for the year 1954 on the properties awarded her and was ordered to pay her the sum of $3,000 as a part of the property division and $1,000 as an allowance upon her attorneys' fees and $1,000 in lieu of costs and expenses of the litigation.   The judgment made no other provision for the support of the wife.

During the pendency of this appeal she has received rentals from the real properties awarded her by the decree in the sum of about $2,200. Defendant has moved to dismiss her appeal on the theory that her acceptance of these rents under the judgment estops her from prosecuting an appeal therefrom. As a general rule the acceptance of the benefits of a judgment is a bar to an appeal therefrom. The reason for this rule is that the two courses of action are legally inconsistent. However it seems to us that the situation here presented falls within the exception to the general rule approved by this court in Bohl v. Bohl, 72 S.D. 257, 32 NW2d 690, 692. On this appeal the only question is whether she should be awarded a larger share of the property than was given her by the judgment of the trial court. No one is here contending that she should be given less, nor suggesting that she would ever receive property of less value than the rentals accepted by her. As was pointed out in the Bohl case, "Appellant is in this court asking for relief in addition to that awarded her by the trial court. The property which she is alleged to have accepted under the decree is personal property only, and is not in such an amount that it is probable that less might be awarded to her.Appellant, therefore, by using or accepting this property which under the decree was awarded to her has done nothing inconsistent with her present position. She is simply in this court seeking a judgment more favorable than that awarded by the trial court, without risk of ever being awarded a judgment of less than the amount she has accepted under the decree." Defendant's motion to dismiss plaintiff's appeal is denied.

These parties were married in Minnesota on September 4, 1919. They were then about twenty years of age. After their marriage they lived on a farm there for about eight years before moving to Brookings County, South Dakota. Five children were born to them of whom only the youngest, born December 31, 1936, is a minor. At the time of their marriage neither of them had any property of consequence. During the marriage she inherited $1,200 and a one-half interest in 69 acres of land in Minnesota. This she kept as her separate property and used it to acquire a quarter sec-

tion of farm land which she has continued to retain as her own. His only inheritance was $100 from her father. After moving to South Dakota they continued to farm until about the spring of 1945 when they moved to the city of Brookings. During the years that they spent on the farm they both worked hard and lived in a frugal manner. In addition to caring for her home and family she did numerous other kinds of work on the farm as was the lot of most women living on farms during that period. After moving from the farm she worked at various jobs about a year and rented rooms to college students. They accumulated twenty-four farms, twelve dwellings in the city of Brookings, a small acreage in Texas, some stocks and bonds and other items of personal property. After leaving the farm the defendant managed and looked after their property and worked part time at a livestock sales ring and at other jobs. Plaintiff characterized her husband as being industrious and a hard worker and said that "making money has been foremost in his life". She did not charge him with ever being extravagant or wasteful but she did complain that his desire to accumulate wealth reduced their standard of living. Their married life has not been harmonious. They started having intermittent difficulty shortly after their marriage. These periods of discord became more intense and serious after they moved to South Dakota. In 1943 she started an action for divorce. After a period of separation they became reconciled and the action was abandoned. In 1953 she commenced a second action for divorce. Again they became reconciled after a short separation. This reconciliation came to an end in November 1954 when they again separated at which time the pleadings in the 1953 action were amended and supplemented to become the pleadings in the suit involved in these appeals. In his pleading he denied her cause of action and counterclaimed for a divorce on the ground of extreme cruelty. At the trial he introduced no evidence as to either cause of action except such as was developed on the cross-examination of plaintiff and her witnesses. His evidence was limited to the question of property and its value.

■ The trial court found "That by the joint efforts, in-

dustry and frugality of the parties, and prudent investments made by the defendant during the existence of the marriage, the parties have acquired property the title to which is held by the defendant, consisting of farm land and city property, bills receivable, stocks, bonds, and personal property of the total value of three hundred sixty thousand dollars ($360,000.) above his debts and liabilities; that each party owned an automobile, a life insurance policy, and personal effects." Appellant assails only that part of this finding which credits their accumulation of property in part to the prudence with which defendant invested their money. We believe that this portion of the finding has ample basis in the evidence. The plaintiff had little if anything to do with their investments. In fact, in most cases she did not know about the investments until they had been made by the defendant. That they were profitable is manifest. The fact that he made a few investments that proved unwise does not deprive the court's finding of support. The court also found that the property awarded plaintiff "is of the value of one hundred twenty thousand dollars ($120,000.) over and above all encumbrances thereon", and that the quarter section of farm land owned by plaintiff "is of the value of eight thousand dollars ($8,000.) above the encumbrances thereon. Appellant does not question these findings. The award gave her nine farms and four city properties. Five of these farms, aggregating 1,017 acres, are subject to total encumbrances of a little more than $17,000. These are all improved properties, except one tract of 110 acres. The remaining four farms, aggregating 685 acres, are free of encumbrances. Only one of these is an improved tract. These farm lands are all in Brookings County except a quarter section which is in Kingsbury County. The city properties given to her are improved and free of encumbrances.

■■ The power of the trial court to make a property division flows from SDC 14.0726. The only guide there given to the court to be followed in making such division is that "the court shall have regard for equity and the circumstances of the parties". This language vests the trial court with a discretion. The factors which must be considered by the court in making such determination were last reiterated by

this court in Baron v. Baron, 71 S.D. 641, 28 N.W.2d 836. They are well known and need not be repeated. While this court may mold the terms of the judgment in the event of reversal or modification, SDC 14.0728, Meile v. Meile, 70 S.D. 115, 15 N.W.2d 453; we do not try the case de novo. Leonard v. Leonard, 66 S.D. 202, 281 N.W. 90. We may disturb the determination of the trial court only if that court has abused its discretion. Peterson v. Peterson, 71 S.D. 314, 24 N.W.2d 35, 37. In that case this court made the following observation which we think pertinent. "The statute has been before the court for construction many times. An analysis of the decisions reveals that where a divorce is granted to a wife for an offense of the husband, and the wife is given a property settlement instead of monthly or annual payments of alimony, and the parties have been married for many years, the wife is given from one-third to one-half of the property, each case being determined by the particular circumstances." The award here made to the wife is in excess of one-third of the property. In addition she was permitted to retain the farm that she acquired during the marriage and the husband was ordered to pay her $100 a month child support. He was required to pay the 1954 taxes on the property awarded her and she was allowed $2,000 to apply on attorneys' fees and expenses incurred in the trial. We think the trial court exercised a reasoned discretion in making this property division.

■ In seeking a larger award of property the plaintiff denies that prudent investments by the defendant contributed in any degree to their accumulation of property. In view of the court's finding this claim is deprived of validity. She also asserts that the court failed to consider the health of the parties. She claims that her health is impaired and that the defendant is able-bodied. The court made no findings on these issues nor were findings thereon requested or proposed as required by SDC 33.1405. The property award made to the wife is sufficient to enable her to live in a manner better than she has ever enjoyed during the years of their marriage without necessity of being employed outside her home. The annual net income from the properties awarded to her is not disclosed by the evidence. However,

her own figures, in exhibit 7, show that in 1954 the rents from the farms awarded to her were about $10,000 over the taxes thereon. The annual payments due on the encumbrances are not revealed. In addition she has a home, and the income from her farm and the other city properties. Plaintiff also contends that since the divorce was granted for the fault of the defendant the court is required to award her a larger share of the property. The circumstance of fault is one of the factors to be considered in making an equitable property division. Caldwell v. Caldwell, 58 S.D. 472, 237 N.W. 568. However it would be unrealistic to hold that because a divorce is granted for the misconduct of one party it always follows that the other party is without fault. To so reason would be to disregard the lessons of human experience. On this feature the record is meager. The trial court with its opportunity to observe and hear the parties is in a position to better evaluate this factor than are we. On this record the trial court could reasonably have concluded that her conduct in some measure contributed to their marital difficulties. If so, that would be a factor to be considered in making the property division. Schroeder v. Schroeder, 74 S.D. 385, 53 N.W.2d 293.

■ The allowance for attorneys' fees rests in the discretion of the trial court. SDC 14.0725. After careful study of the full record we feel that the trial court exercised a sound discretion in fixing the amount of these fees. Consequently we may not disturb that allowance. Appellant has requested an allowance for expenses and attorneys' fees on this appeal. We are satisfied that the appeal is justified and was prosecuted in good faith. Because of the unusual circumstances, the amount involved and the side issues presented, including the appeal by the defendant, our judgment is that the wife be allowed $1,000 as attorneys' fees and $500 to cover her disbursements for a transcript and other expenses on appeal, and that no costs be taxed against either party in this court.

Finding no error in the record the judgment is affirmed.

All the Judges concur.