KRESSLY, Respondent v. KRESSLY, Appellant

(87 N.W.2d 601)

(File No. 9655. Opinion filed January 29, 1958)

**Jackson & Krause,** Lemmon, **Whiting, Lynn & Freiberg,** Rapid City, for Defendant and Appellant.

**Morrison & Skaug,** Mobridge, for Plaintiff and Respondent.

BOGUE, J.  The defendant appeals from a judgment granting a divorce and making a cash award to the plaintiff.

The trial court found that plaintiff and defendant were married June 4, 1945; that defendant had inflicted mental and physical suffering upon the plaintiff; that defendant was the owner of real and personal property of the gross value of $213,990; that defendant owed $7,600 secured by a chattel mortgage and owed real and personal taxes in the amount of $4,100, leaving a net valuation of $202,290; that defendant owed plaintiff for back unpaid alimony in the sum of $4,200; that the reasonable fee for the receiver

appointed by the court was $300; that the reasonable fee for receiver's attorney was $930 together with costs of $210.82; that a reasonable total fee for plaintiff's attorneys was the sum of $4,900 together with costs of $685, $1,500 of which has been paid; that after deducting the unpaid alimony, receiver's attorney's fees and costs there remained a net balance of $193,564.20; that the property could not be divided in kind and the only division equitable and fair to the parties was to make an allowance to the plaintiff of a cash award of one-third of the net balance or the sum of $64,500; that plaintiff be awarded the household goods and effects together with a Buick automobile. From the foregoing findings and conclusions of law based thereon, the trial court entered judgment granting plaintiff a divorce based upon extreme cruelty, directed the payment of the temporary alimony, receiver's fees and costs and attorney's fees and costs as set out in the findings and directed payment to the plaintiff of the sum of $64.500, said judgment further providing that the same would constitute a lien on all of defendant's property and unless paid within sixty days the plaintiff could proceed to sell or cause to be sold sufficient property belonging to defendant to satisfy the judgment.

The record further discloses that at the time of their marriage the plaintiff was twenty-one and the defendant forty-one years of age. It was a first marriage for the plaintiff and a second for the defendant. No children were born of this marriage. The defendant was a rancher owning considerable land and personal property at the time of his marriage to plaintiff. The plaintiff after finishing school taught for one year and worked for a brief time in Rapid City. She had accumulated approximately $900 at the time of marriage. After the marriage of the parties they resided on the ranch located near Lemmon, South Dakota, for about five years, then moved to an apartment in the city of Lemmon where defendant had acquired real property consisting of a drive-in theater, dance hall, restaurant and partly finished motel. After the marriage of the parties the plaintiff became ill. It was necessary that she have certain surgical operations and she claims as the result

thereof she was unable to bear children. She travelled considerably claiming that it was for her health at which time the defendant took care of the home by himself. Plaintiff admits that defendant was a good provider, a hard worker and a very ambitious person. Plaintiff and defendant apparently got along quite well on the ranch but after moving to Lemmon their troubles began. It is unnecessary here to enumerate all of the acts complained of by both parties. The wealth of the defendant increased very little from the time of marriage to plaintiff until she left him in July of 1954. The plaintiff did some work to assist defendant during the marriage such as assisting in the operation of the theater in Lemmon and as a housewife but apparently did not participate in the actual business affairs of the defendant. Defendant at the time of the trial and for some years prior thereto suffered from undulant fever. The plaintiff, aside from a nervous condition which she claimed existed because of the acts of the defendant, was in apparent good health.

■ Defendant contends that the evidence is insufficient to sustain the findings relative to the acts of the defendant inflicting mental and physical suffering upon plaintiff, the extent and value of defendant's property and the amount of defendant's indebtedness. There is considerable conflict in the evidence as to these matters. We believe, however, that there is no clear preponderance of evidence against these findings and thus find no error in regard thereto. Kuehn v. Kuehn, 74 S.D. 521, 55 N.W.2d 70.

■ ■ Defendant further contends that the award to plaintiff is grossly excessive. The judgment provides:

"That defendant (plaintiff) have and recover of defendant the sum of $64,500, this being in full and complete settlement of any and all claims or interest she may have, or claim to have, in the property of the parties hereto. Any balance shall be and is considered and intended to be in lieu of any and all claims for support and alimony and is a lump sum settlement and award of any and all

of such claims and no periodical payments are intended or contemplated hereunder."

SDC 14.0726 provides:

"Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life or for a shorter period, as the court may deem just, having regard to the circumstances of the parties represented; and the court may from time to time modify its orders in these respects.

"Where a divorce is granted for an offense of either husband or wife, the courts shall in such action have full power to make an equitable division of the property belonging to either or both, whether the title to such property is in the name of the husband or the wife. In making such division of the property the court shall have regard for equity and the circumstances of the parties."

Where a divorce is granted for an offense of the husband, the trial court has the discretionary power to make both a suitable allowance to the wife and an equitable division of the property. Kuehn v. Kuehn, supra. In either the making of a suitable allowance or in the making of an equitable division of the property the award to the wife may be in a lump sum, Williams v. Williams, 6 S.D. 284, 61 N.W. 38; Abrams v. Abrams, 124 Colo. 1, 232 P.2d 742; 27 C.J.S. Divorce § 292, or it may be a division of specific property, Warne v. Warne, 36 S.D. 573, 156 N.W. 60. By reason thereof the courts oftentimes in awarding a lump sum or specific property make no designation as to whether the award is being made as a suitable allowance or as an equitable division or both. From the language of this judgment it appears that the award to the plaintiff is both. Whether an award made to a wife in a lump sum or of specific property is made as a suitable allowance or as an equitable division of property or of both, substantially the same factors must be considered. This court has pointed

out in numerous cases that the principal factors to be considered are: The duration of the marriage, the value of the property of each, their ages, their health and competency to earn, the contribution of each to the accumulation of the property and the faults and circumstances leading up to the divorce. Tuttle v. Tuttle, 26 S.D. 545, 128 N.W. 695; Caldwell v. Caldwell, 58 S.D. 472, 237 N.W. 568; Peterson v. Peterson, 71 S.D. 314, 24 N.W.2d 35.

In the present case the value of the property of the defendant as found by the court is considerable and the divorce was granted to the plaintiff for an offense of the defendant. The trial court apparently gave much weight to these two factors. The record reveals, however, that the plaintiff was not without fault and that at least a part of the actions of the defendant which plaintiff complains of were not without some provocation. Although the divorce is granted for an offense of the husband yet the acts of both husband and wife leading up to the divorce must be considered by the court in the making of an award to the wife.

After determining the extent and value of defendant's property and concluding that plaintiff was entitled to a divorce for the fault of the defendant the trial judge apparently believed that he was bound by the formula for the division of property as announced in the case of Tuttle v. Tuttle, supra [26 S.D. 545, 128 N.W. 697] wherein this court stated:

"In arriving at what is a just and equitable amount of permanent alimony that should be allowed the wife, on separation by divorce for the fault of the husband, various matters should be taken into consideration. The value of his property both real and personal, and his capacity to earn money, the value of her property, the age and health of each, the position of each in society, the faults of each as to the cause of the separation, the care and custody of the children, and all such kindred questions may and should be considered. Where there are no children, and where the husband has property both real and personal, and the wife has none, and where

there are no other controlling influences or consid-
erations, she is entitled as a matter of course to at
least one-third the value of his entire property.
2 Bishop, Mar. & Divorce, § 464. Permanent alimony
is that provision which the law makes for the
support of the wife, or of her who was the wife,
out of the estate of the husband after separation, in
lieu of his common-law obligation to support her
as his wife, if they should have continued living
together. She was entitled to and had his support
out of all he possessed, including earnings. When
he has broken up that relation, so that she can no
longer partake jointly with him of such support,
the law sets apart to her enough of his estate,
including earnings, to make an equivalent of what
she is denied by his fault. Less than that would
be to put a premium upon the husband's abandon-
ment of his wife. Muir v. Muir [133 Ky. 125, 92
S.W. 314, 4 L.R.A.,N.S., 909], supra. How much
in judicial reason should she be allowed? 'If, to
determine what proportion of the joint income the
wife should have for her alimony, we look into
what the law had established for other things, we
shall conclude that the causes must be rare in which
it ought to be less than one-third. The rule for
dower and for the distribution of the effects of
a deceased husband recognizes the right of the
wife to use one-third or more of the common
estate. * * *' ".

■ It will be noted that the allowance of one-third
to the wife was based on her right of dower, that is, if the
husband's actions had been proper and the marriage had
continued until his death, the wife would then have re-
ceived at least one-third of his estate. To allow her less
where a divorce was granted for the fault of the husband
would put a premium on the husband's misconduct. This
state abolished dower by Ch. 76, Laws of 1893. By reason
thereof the adoption of this method of division of the
husband's property could result in a wife receiving a
larger portion of her husband's estate by divorce than by

his death. Although this formula has been mentioned in numerous cases by this court it cannot be regarded as a rule of law. This court has no power to create such. This could only be done by legislative enactment. Bialy v. Bialy, 167 Mich. 559, 133 N.W. 496, Ann. Cas.1913A, 803; O'Neill v. O'Neill, 18 N.J. Misc. 82, 11 A.2d 128. A review of the cases of this court citing the Tuttle case as authority for allowing the wife at least one-third of husband's property reveals that the awards were so made because they were reasonable and just. Because of the frequent citation of this fractional method of property division by this court it has apparently created the impression that it must be followed in most cases. This court has in some cases where the divorce was granted on the fault of the husband affirmed awards of less than one-third to the wife. Schroeder v. Schroeder, 74 S.D. 385, 53 N.W.2d 293; Johnson v. Johnson, 71 S.D. 255, 23 N.W.2d 451. In the case of Rich v. Rich, 62 S.D. 32, 251 N.W. 187, this court modified the judgment by striking therefrom all provisions regarding the payment of alimony to the wife although she was granted the divorce for an offense of her husband. In these cases the application of the formula would have resulted in an unfair and unjust division of the husband's property. It appears to us that facts in divorce cases are so varied and diverse that to attempt to apply any particular method for the awarding of property to a wife could result in an inequitable division. The awarding of property or money in a divorce action is not a problem in fractions and should not be treated as such. The problem is what is a fair and just award considering all of the material factors. In the present case the trial judge in following a method of property division frequently cited by this court is not to be criticized. The responsibility of maintaining this legal fiction by its frequent mention rests solely on this court. We expressly hold that a trial judge in making a suitable allowance or an equitable division of property to a wife where the divorce is granted for an offense of the husband is not bound by any mathematical formula but shall make such award from the material factors before him having due regard for equity and the circumstances of the parties.

Considering the value of plaintiff's property, the ages of plaintiff and defendant, their competency to earn, the contribution of each to the accumulation of the property, and their faults and the circumstances leading up to the divorce, we believe the award of $64,500 to the plaintiff is excessive.

Defendant urges that the fees and costs allowed to the receiver and to the receiver's attorney are excessive. The question as to the necessity of the appointment of a receiver not having been raised will not be considered here. the amount of compensation of a receiver for services is within the discretion of the court. Johnson v. Mier, 76 S.D. 109, 73 N.W.2d 342. From the record before us we are of the opinion that the trial court properly exercised this discretion.

The defendant acknowledges that plaintiff's attorneys contributed considerable work, time and legal skill in their representation of the plaintiff. However, defendant insists that the allowance of $5,400 as fees and $785 as costs, including appellate fees and costs, is excessive as measured against the allowances heretofore approved by this court. The allowance of attorneys' fees rests in the discretion of the trial court. Baron v. Baron, 71 S.D. 641, 28 N.W.2d 836, and will not be interfered with by this court unless it appears there is error in the exercise thereof. The defendant in his brief points to no particular error of the trial court, claiming only that by comparison the allowance is too large. Each case must rest on its own facts and usually a comparison of fees is of little value in determining whether the trial court erred in determining the amount thereof. The amount allowed as attorneys' fees and costs appears to be quite liberal. However, from the record we are unable to say that the trial erred in the exercise of its discretion.

This court not only has the power to reverse, affirm, or modify the judgment as provided in SDC 33.0730, but as provided in SDC 14.0728, has the power to revise all orders and decrees touching the alimony and maintenance of the wife including those to be in the discretion of the court. Drake v. Drake, 27 S.D. 329, 131 N.W. 294; Meile v.

Meile, 70 S.D. 115, 15 N.W.2d 453; Rich v. Rich, supra; Hill v. Hill, 150 Cal.App.2d 34, 309 P.2d 44.

It is the opinion of this court that the judgment of the trial court be modified as follows, the award of $64,500 to the plaintiff be reduced to $25,000. We direct the trial court to enter judgment in conformity herewith.

Except as herein modified, the judgment is affirmed.

No costs to be allowed either party on this appeal.

All the Judges concur.