SWENSON, Appellant v. SWENSON, Respondent

(181 N.W.2d 864)

(File No. 10805. Opinion filed December 15, 1970)

**Robert L. Jones,** Sioux Falls, for plaintiff-appellant.

**Willy, Pruitt & Matthews, Gene E. Pruitt, Steve Jorgensen,** Sioux Falls, for defendant-respondent.

BIEGELMEIER, Judge.

The plaintiff wife was granted a decree of divorce, and the only issue involved in this appeal is whether there was an equitable division of the property. Plaintiff wife contends the award of property to her should be increased. The parties were first married in 1939, the husband granted a divorce in 1946, and they were remarried a month later. Three children were born to the marriage, two daughters and a son. The son was in the military service and both daughters are now over the age of majority. It would not aid in solving the question presented to detail the differences that led to this unfortunate, as they usually are, divorce action, though they were brought to a climax when they befriended and took a divorced daughter and her child into their home.

From the findings, which are supported by the evidence, it appears the property involved was of a gross value of $99,000. It included two houses in Sioux Falls, farm lands, two cars, some personal property including household furnishings, cash and investments. The $99,000 total included farm lands inherited by defendant of a value of $40,000. As plaintiff had not completed high school she was not qualified for any work except household or waitress work which she had been doing as a part-time employee. Defendant's wages of $515 a month netted him about $400 plus a veteran's disability monthly pension of $21. The evidence does indicate plaintiff was an economic homemaker who left all financial and business transactions to her husband who was an employee of the City of Sioux Falls but who also had been in the automobile and real estate business.

The trial court awarded the wife the $9,000 home, the $600 Rambler, $1,500 cash, $665 attorney's fees and costs and an undivided one-fourth interest in all the farm lands, which interest was of a value of $15,000 (or at her option $15,000 cash) making a total of $26,765.* She was also awarded as alimony $100 a month until her remarriage.

■ Plaintiff cites Peterson v. Peterson, 71 S.D. 314, 24 N.W.2d 35; Meyer v. Meyer, 76 S.D. 268, 77 N.W.2d 559; and Tuttle v. Tuttle, 26 S.D. 545, 128 N.W. 695, as indicating a binding formula for a division in most cases of at least one-third of the property to the wife where a divorce is granted to her for fault of a defendant. That contention was answered in Kressly v. Kressly, 77 S.D. 143, 87 N.W.2d 601, where

---

* Plaintiff's brief totals this as $26,300. The $9,000 home was rented at $100 a month and her net share of the farm land rentals is over $50 a month which, with the $100 support money, totals $250 plus any amount she might earn. The $73,000 left to the husband included the home valued at $20,000 and its furnishings. He continued to reside in it with then 17-year-old Peggy, a high school senior of whom he was given custody, and Barbara, the older daughter, and her child. The trial court may have assumed any further education of Peggy would be provided by the father.

the court reviewed our opinions and, in reducing an award of $64,500 to $25,000, wrote:

> "We expressly hold that a trial judge * * * is not bound by any mathematical formula but shall make such award from the material factors before him having due regard for equity and the circumstances of the parties."

The reasoning of the court was that

> "facts in divorce cases are so varied and diverse that to attempt to apply any particular method for the awarding of property to a wife could result in an inequitable division."

That there are many differences between the facts in and the disposition of this action and others cited by both parties on this appeal is quite apparent when they are examined. One difference is in the judgment for in the three cases cited by plaintiff there was a division of property only and no added monthly support award, while here there was both a division of property and a $100 a month support award.

■ Under our statutes the court has discretionary authority to make both the allowance to the wife for her support and an equitable division of the property of the parties. See Kuehn v. Kuehn, 74 S.D. 521, 55 N.W.2d 70, citing SDC 14.0726, quoted in full in the Kressly opinion. This section now appears as SDCL 25-4-41 and 25-4-44. As said in Meyer v. Meyer, supra, the only guide given in the statute to the court in making the division is that "the court shall have regard for equity and the circumstances of the parties." SDCL 25-4-41 now reads, "as the court may deem just, having regard to the circumstances of the parties".

Other guidelines have been added by this court in its opinions. The Kressly opinion stated these to be:

> "The duration of the marriage, the value of the property of each, their ages, their health and competency to earn, the contribution of each to the accumulation of the property and the faults and circum-

stances leading up to the divorce. * * * Although the divorce is granted for an offense of the husband yet the acts of both husband and wife leading up to the divorce must be considered by the court in the making of an award to the wife."

This was quoted recently with approval in Miller v. Miller, 83 S.D. 227, 157 N.W.2d 537. Much must be left to the discretion of the trial court and we may disturb that determination only if that court has abused its discretion. Meyer v. Meyer, 76 S.D. 268, 77 N.W.2d 559.

▮ While the court may consider when and how the property was accumulated, it is not obligated to do so. Peterson v. Peterson, 71 S.D. 314, 24 N.W.2d 35. While we are not aware of what considerations the trial court gave to this division, one-third of all the property owned by the husband of $99,000, including the $40,000 inherited farm lands, would support a $33,000 award; excluding the inherited farm lands, one-third of $59,000 would support an award of $19,600. An average of these amounts to $26,000 which is about the value of the property awarded to the wife; to this she was granted $100 a month support money. While another judge may have made a larger award to the wife, under all the circumstances, we cannot hold the trial court abused its discretion as to the division of property and allowance of support. With reference to the allowance for her support, etc., "the court may from time to time modify its orders in these respects." SDCL 25-4-41.

As to the award of one-fourth interest in the three farms or $15,000 cash, plaintiff contends the court should have given her specific property. We do not view the court's award of one-fourth to her as an abuse of discretion. For aught that appears there may have been serious objection to splitting the farms or an attempt to divide them.

▮ The judgment and decree should be corrected, however, to safeguard the marketability of the titles to the properties involved. At present the judgment awards one-fourth interest in the lands described to plaintiff "or at the option of the plaintiff $15,000.00 in cash". No method or time for the exercise of the option is set out and the status of

the title is left in some doubt. That should be clarified. For the reasons stated the judgment as to the division of property and allowance of support is affirmed and the action remanded to the trial court with directions to clarify and set out the time and manner of the exercise of the option. The allowance of such additional attorney's fees for the appeal held in abeyance by order of the trial court is left to it for disposition. No costs are to be taxed in this court.

All the Judges concur.