DE WITT, Appellant v. DE WITT, Respondent

(191 N.W. 2d 177)

(File No. 10891. Opinion filed October 26, 1971)

**Charles Poches, Jr.,** Fort Pierre, for plaintiff and appellant.

**Keith A. Tidball,** Pierre, for defendant and respondent.

HERTZ, Circuit Judge.

Defendant was granted a decree of divorce upon her cross-complaint. Plaintiff appeals from that portion of the decree a-warding defendant wife, in addition to other property, the sum of $15,000 cash, together with attorney fees in the sum of $2,-500 and costs of $85. Plaintiff contends both the cash award and attorney fees are grossly excessive.

The trial court found that plaintiff and defendant were married on August 4, 1958; that there were no children born of this marriage; that plaintiff was guilty of extreme cruelty; that defendant supported herself and four children by a former marriage during the entire period of the marriage. By written stipulation of the parties, the ownership and value of the property were agreed to be as follows: Plaintiff was the owner of 600 acres of land, with a value of $60,000. Plaintiff was the owner of 320 acres of this land prior to the marriage to the defendant, and acquired the additional 280 acres by inheritance from his father's estate during the term of the marriage. Plaintiff was also the owner of farm machinery, a 1969 Ford Torino automobile, cash on hand, stock in the Black Hills Development Company, certain livestock, all of the value of $28,033.93. The total of plaintiff's property was valued at $88,033.93. Plaintiff and defendant were owners in joint tenancy of a residence in Pierre, South Dakota, of the stipulated value of $8,500. Defendant owned an automobile valued at $100. It was further stipulated that defendant has employment with the Federal Government with a GS-3 rating, and that her take home pay from this employment amounts to $130 every two weeks. It was further stipulated that plaintiff paid all expenses of the farming and ranching operation out of his own income, and that defendant, who was employed all during the term of the marriage, bought her own groceries, and supported the children by a previous marriage and herself.

Based on the foregoing, the trial court awarded to defendant wife the residence in Pierre, South Dakota, valued at $8,500, together with all of the personal property located therein; certain shares of stock in the Black Hills Development Company, valued at $750, and $15,000 in cash. The division of the property to defendant represented approximately 25 percent of the property of the plaintiff.

After the marriage on August 4, 1958, defendant wife resided one day at the farm and ranch home of the plaintiff located in Hyde County, South Dakota, three weeks in an apartment at Highmore, South Dakota, about one month with a friend of defendant in Pierre, South Dakota, and thereafter in the residence in Pierre which was purchased and paid for by plaintiff. Plaintiff, on the other hand, continued his residence at the ranch home in Hyde County during the 12 years of the marriage, and made weekend visits of various duration to the defendant in Pierre.

Defendant urges that by the use of all of her income towards the maintenance of the residence in Pierre and in the support of herself and the four children by a previous marriage (none of whom presently resides with defendant), she thereby directly contributed to the assets acquired and held by the plaintiff, and by reason thereof is entitled to participate in a division of plaintiff's property.

■ Defendant is 45 years old, is in fair health, and has a gross annual income of approximately $5,000 which includes retirement and hospitalization. Plaintiff is 67 years old, a rancher with a gross income in 1969 of $2,777.76.

SDCL 25-4-44 provides:

"Where a divorce is granted for an offense of either husband or wife, the courts shall in such action have full power to make an equitable division of the property belonging to either or both, whether the title to such property is in the name of the husband or the wife. In making such division of the property the court shall have regard for equity and the circumstances of the parties."

A trial court has discretionary authority to make both the allowance to the wife for her support and an equitable division of the property of the parties. We may not disturb the trial court's determination unless it clearly appears that court has abused its discretion. Peterson v. Peterson, 71 S.D. 314, 24 N.W.2d 35, 37; Meyer v. Meyer, 76 S.D. 268, 77 N.W.2d 559. The various factors which must be considered by the trial court in the making of an equitable division of the property are well settled and need not be repeated here. See Kressly v. Kressly, 77 S.D. 143, 87 N.W.2d 601; Peterson v. Peterson, supra; Swenson v. Swenson, 1970, 85 S.D. 320, 181 N.W.2d 864; Schroeder v. Schroeder, 74 S.D. 385, 53 N.W.2d 293; and Meyer v. Meyer, supra.

In the present case, the divorce was granted to the defendant on her cross-complaint for an offense of the plaintiff. On the record before this court, however, it can reasonably be concluded that defendant's conduct, in some measure at least, contributed to the marital difficulties of the parties and is a factor to be considered in the making of a division of the property. Meyer v. Meyer, Kressly v. Kressly, and Swenson v. Swenson, supra. In Kressly v. Kressly, supra, cited with approval in Swenson v. Swenson, this court said:

"We expressly hold that a trial judge * * * is not bound by any mathematical formula but shall make such award from the material factors before him having due regard for equity and the circumstances of the parties."

The question obviously is what is a fair and just award after a consideration of all of the material factors in the case.

Considering the duration and special circumstances of this marriage, the value of each spouse's property, the age, health, and earning capacity of the parties, the contribution made by each, and the acts of both plaintiff and defendant leading up to the divorce, we believe the $15,000 cash award, given in addition to the residence and stock shares, is excessive and that the judgment of the trial court should be modified by reducing the cash award to the sum of $5,000 which is to be paid within 30 days from entry thereof.

Plaintiff further urges that the award of counsel fees in the sum of $2,500 is grossly excessive. No question is raised as to reimbursable costs in the sum of $85, nor as to the award of $200 counsel fees to defendant for the purposes of this appeal.

A review of the settled record reveals the usual pleadings. There is a summons, complaint, answer and cross-complaint, and reply. Discovery procedure is limited to certain interrogatories proposed by both plaintiff and defendant. Plaintiff did not contest the grounds for divorce. The ownership and value of the property of the parties was agreed to by the written stipulation of the parties. The reporter's transcript of the trial consists of only eight pages of testimony. It appears no briefs were filed with the court and there was no intricate legal problem involved. Counsel for defendant states that he has consumed 107 hours in investigations, office work, and innumerable conferences with defendant and plaintiff's counsel. The fees are based on the minimum bar fee of $25 per hour.

The allowance of attorney fees rests in the sound discretion of the trial court. Baron v. Baron, 71 S.D. 641, 28 N.W.2d 836, and will not be interfered with by this court unless it appears there is error in the exercise thereof. Each case must rest on its own facts, and there is little to be gained by comparing the present fee with others which have previously been allowed.

As counsel for defendant has stated, many of the 107 hours claimed by him were the result of numerous conferences with the defendant and with plaintiff's counsel. It appears to us, however, that there comes a time when counsel is obliged to limit such conferences or accept the fact that he cannot always expect full remuneration for the time so consumed. This is particularly true in divorce actions. Some litigants will virtually take over counsel's office and absorb most of his time if permitted by counsel to do so.

In determining what constitutes a fair and reasonable counsel fee, the trial court should consider not only the amount or value of the property involved, but also the intricacy and importance of the litigation, the labor and time involved, the skill

required to draw the pleadings and the trying of the cause, the discovery procedures utilized, whether there existed complicated legal problems, the time required to try the cause, and whether written briefs were required.

In the present case, and after considering the various factors alluded to in the preceding paragraph, we are of the opinion that the award of $2,500 attorney fees is excessive and that such fees be reduced to $800 plus the $200 awarded for the prosecution of the appeal, plus $85 costs, making a total of $1,085.

Except as herein modified, the judgment is affirmed. No costs to be allowed either party on this appeal.

HANSON and WOLLMAN, JJ., concur.

BIEGELMEIER, P. J., concurs specially.

HERTZ, Circuit Judge, sitting for WINANS, J., disqualified.

BIEGELMEIER, Presiding Judge (concurring specially).

I agree that both the award to defendant wife and allowance to counsel for fees were excessive, but believe this court has made too great a reduction in both. I otherwise agree with all that is said in the opinion.