Bernetta M. CONNELLY, Plaintiff and Appellant,

v.

James Keith CONNELLY, Defendant and Appellee.

No. 14665.

Supreme Court of South Dakota.

Considered on Briefs Feb. 4, 1985.

Decided Oct. 2, 1985.

Rehearing Denied Nov. 8, 1985.

Thomas K. Wilka of Hagen & Wilka, Sioux Falls, for plaintiff and appellant; Karen E. Schreier of Hagen & Wilka, Sioux Falls, on brief.

Paul E. Mundt, Sioux Falls, for defendant and appellee.

MORGAN, Justice.

This is the second appeal arising from the decree in this divorce proceedings, wherein the property division or so much thereof as relates to the family home has been at issue. The husband's attack on the trial court's allowance to the wife of exclusive occupancy of the home until July 1, 1984, was held to be moot in our prior decision, *Connelly v. Connelly*, 362 N.W.2d 91 (S.D.1985), for the reason that the property had been sold. Now, however, wife appeals from the trial court's order approving the sale *to the husband.* We again affirm the trial court.

The disposition of the home at issue here reads as follows: "[S]uch property shall be sold, if other arrangements of sale

or occupancy have not been agreed upon between the parties, and after payment of existing mortgage, taxes and costs of sale, the proceeds shall be divided equally between the parties." Husband petitioned the trial court that he be allowed to purchase wife's undivided one-half interest in the home for approximately $19,600.00. The amount was based on the appraised listing price of $76,000.00 less transfer expenses of $6,799.38 and the mortgage balance of $30,000.00. Total equity after deduction of the costs and mortgage was determined to be $39,200.62, one-half of which is $19,600.31. At the hearing on the petition, the trial court gave wife three days to purchase husband's one-half interest for the same figure. After she was unable to arrange financing to do so the trial court entered an order on May 31, 1984, authorizing husband to purchase the home for that figure and wife thereafter executed and delivered a warranty deed to the property to husband and accepted payment of the $19,600.31. She thereafter instituted this appeal wherein she argues that the May 31, 1984, order was a modification of the property division provision of the divorce decree and requesting that we remand with instructions to the trial court to allow her judgment for an additional $3,399.69 toward division of the sale proceeds based on her computation of the equity. Wife's computation was based on deletion of the transfer expenses which husband had listed as follows:

| | | |
|---|---|---|
| (1) | ½ Abstractor title insurance | $ 161.00 |
| (2) | Transfer Fee | 76.00 |
| (3) | Brokerage Fee (6%) | 4,560.00 |
| (4) | Sales Tax (6%) | 273.00 |
| (5) | Satisfaction of Mortgage Filing Fees | 3.00 |
| (6) | Deed Preparation | 15.00 |
| (7) | Second Half 1983 Real Estate Taxes | 855.69 |
| (8) | First Half 1984 Real Estate Taxes | 855.69 |
| | Total | $6,799.38 |

Wife contends that since these expenses were not actually incurred by husband their allowance constituted the modification of the divorce decree. Husband contends that wife's acceptance of the $19,600.31

and delivery of the warranty deed, pursuant to the trial court's order, bars her appeal. We do not agree.

This court has stated that as a general rule the acceptance of the benefits of a judgment is a bar to an appeal therefrom and the reason for the rule is that parties may not follow two legally inconsistent courses of action. *Meyer v. Meyer,* 76 S.D. 268, 77 N.W.2d 559 (1956). This court has, however, recognized an exception to the general rule.

In *Bohl v. Bohl,* 72 S.D. 257, 32 N.W.2d 690 (1948), *quoting* 2 Am.Jur. *Appeal and Error* § 215 (1936), this court pointed out that:

'The general rule * * * is subject to an exception which has been recognized and allowed in specific instances and a great variety of cases, enough, perhaps, to give rise to a new rule *that where the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then an appeal may be taken, and will be sustained, despite the fact that the appellant has sought and secured such benefit.* Thus, it is possible for the appellant to obtain a more favorable judgment in the appellate court without the risk of a less favorable judgment from a new trial of the whole case there or in the lower court, *then the acceptance of what the judgment gives him is not inconsistent with an appeal for the sole purpose of securing without a retrial of the whole case, a decision more advantageous to him.'*

72 S.D. at 260, 32 N.W.2d at 692 (emphasis added).

■ The basis of this court's decision in *Bohl, supra,* was that the appellant, by using or accepting property or a benefit under the decree, did nothing inconsistent with her position on appeal. She sought a more favorable judgment than the trial court awarded, without risk of being awarded less by this court than she had received below. Where the only question on appeal is whether a party should be awarded a larger share of the property

than was awarded by the trial court and no one contends that that party should receive less than the amount awarded, the exception applies. *See Meyer, supra.*

■ We next determine that the May 31, 1984, order was not a modification of the property division. The property division specifically called for deduction of costs of sale. Had a third person purchased the property there would be no question that each and every expense would be a legitimate deduction, nor does wife contest that. The trial court entered the original division to which wife did not object. In entering the order for the sale, the trial court merely followed the terms of its original division. Wife had the first opportunity to buy on the same terms. The record reflects that this has been a hotly contested divorce case from the outset. Had the trial court disallowed the costs, husband would undoubtedly be appealing. We find no error by the trial court in allowing the ordinary transfer costs.

■ Finally, wife complains of inadequate notice of hearing on husband's motion to purchase. This issue goes to the validity of the sale proceedings, but counsel in her brief does not seek to overturn the sale. In any event, this issue does not fall within the exception discussed above and is clearly rendered moot by the wife's delivery of the warranty deed in acceptance of the $19,600.31.

Husband's request for appellate attorney fees of $1,190.92 is granted. Wife's request is denied.

We affirm the orders of the trial court.

FOSHEIM, C.J., and HENDERSON, J., concur.

WUEST, Acting Justice, concurs in part and dissents in part.

HERTZ, Circuit Judge, acting as a Supreme Court Justice, not participating.

WUEST, Acting Justice (concurring in part, dissenting in part).

I concur, except for the award of attorney fees. Both parties requested attorney fees on appeal. Both are financially capable of paying their own. I would deny both requests for attorney fees.